IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Deangelo Brazzle, ) | Case No.: 3:25-cv-5924-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Richland Memorial Hospital and ) | |
| Globe Life Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges (DE 21), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), concerning the initial review of Plaintiff Jason Deangelo Brazzle's ("Plaintiff") amended complaint.[1]

**A.    Background**

The Report sets forth the relevant facts and applicable legal standards, which the Court incorporates herein by reference. In brief, Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, initiated this action against Richland Memorial Hospital and Globe Life Center alleging wrongful death and related tort claims arising from the death of his brother. (DE 1.) Plaintiff seeks monetary damages based on allegations that medical treatment and medication administered

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

by hospital staff caused his brother's death and that issues surrounding a life insurance policy followed.

Plaintiff was previously afforded an opportunity to amend his complaint after being advised of deficiencies related to subject-matter jurisdiction and standing. (DE 16.) Plaintiff filed an amended complaint, which is the operative pleading considered in the Report.

### B.    Report and Recommendation

The Magistrate Judge issued the Report on August 1, 2025, recommending that this action be dismissed without prejudice and without issuance and service of process and without leave for further amendment. (DE 21.)

The Report concludes that Plaintiff failed to establish subject-matter jurisdiction because the amended complaint does not invoke diversity jurisdiction under 28 U.S.C. § 1332, as Plaintiff and Defendants are citizens of South Carolina. The Report further concludes that Plaintiff lacks standing to pursue wrongful death and related claims because he does not allege that he is the duly appointed executor, administrator, or personal representative of the decedent's estate, as required under South Carolina law. The Magistrate Judge additionally noted that even if Plaintiff were the personal representative, he could not proceed *pro se* on behalf of an estate. Based on these independent and dispositive grounds, the Magistrate Judge recommends dismissal of the action.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Although Plaintiff did not file a formal, captioned objection to the Report, the Court has liberally construed Plaintiff's handwritten submissions filed on August 7 and August 13, 2025 (DE 24; DE 26), as objections.

Plaintiff's submissions request, among other things, the removal of Globe Life Center as a defendant, leave to amend the complaint to proceed only against Richland Memorial Hospital, additional time due to alleged mail issues at the detention center, and vacatur of the Report. Plaintiff also asserts, for the first time, that he is now the executor or personal representative of his brother's estate based on a handwritten

document from a family member and alleges severe emotional and mental distress resulting from Defendants' conduct.

These submissions do not identify any factual or legal error in the Magistrate Judge's analysis. Plaintiff's requests to remove a defendant or amend the complaint do not cure the lack of subject-matter jurisdiction, as complete diversity would remain absent. Plaintiff's assertion of executor or personal representative status is unsupported by any allegation of formal appointment by a probate court and, in any event, does not overcome the well-established prohibition on *pro se* representation of an estate. Plaintiff's allegations of personal emotional distress, while serious, do not confer standing to pursue wrongful death claims belonging to the decedent's estate or create federal jurisdiction where none exists.

Accordingly, Plaintiff's submissions reflect disagreement with the recommended outcome but do not demonstrate any error in the Report's findings or conclusions. The objections are, therefore, overruled.

### E.     Conclusion

After a thorough review of the Report and Recommendation and the record in this case, the Court finds no error. The Court, therefore, adopts the Report (DE 21) and incorporates it herein by reference.

It is, therefore, ORDERED that this action is DISMISSED WITHOUT PREJUDICE and without issuance and service of process and without leave for further amendment.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 8, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5